UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME MCCRACKEN,

        Petitioner,                      Case Number: 2:09-CV-12517

v.                                                HON. ARTHUR J. TARNOW

GREG MCQUIGGIN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND GRANTING CERTIFICATE OF APPEALABILITY

Petitioner Jerome McCracken has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner, presently incarcerated at the Newberry Correctional Facility in Newberry, Michigan, challenges his convictions for assault with intent to murder, felon in possession of a firearm, and felony firearm. Now before the Court is Respondent's Motion to Dismiss on the ground that the petition was not timely filed. The Court finds that the petition was not timely filed and the petitioner is not entitled to equitable tolling. Therefore, the motion will be granted.

**I.**

Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of assault with intent to murder, felon in possession of a firearm, and felony firearm. He was sentenced to 20 to 40 years in prison for the assault conviction, two to five years in prison for the felon-in-possession conviction, and two years in prison for the felony-firearm conviction.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. McCracken*, No. 258926 (Mich. Ct. App. Apr. 25,

2006).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court.  The Michigan Supreme Court denied leave to appeal on August 29, 2006.  *People v. McCracken*, __ Mich. __ (Mich. Aug. 29, 2006).

On April 13, 2007, Petitioner filed a motion for relief from judgment in the trial court.  The trial court denied the motion.  *People v. McCracken*, No. 04-4259 (Wayne County Cir. Ct. June 12, 2007).  Petitioner filed an application for leave to appeal the denial of his motion for relief from judgment in the Michigan Court of Appeals.  The Michigan Court of Appeals denied leave to appeal.  *People v. McCracken*, No. 284931 (Mich. Ct. App. Aug. 28, 2008).  Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected for filing because it was not timely filed.  *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, 9/30/09.

Petitioner filed the pending petition for a writ of habeas corpus on June 22, 2009.

**II.**

Respondent argues that the petition should be dismissed because it was not timely filed.  A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. (d)(1)(A).  The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired.  *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000).  In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  A properly filed application for state post-

conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on August 29, 2006. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on November 27, 2006, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on November 28, 2006.

Petitioner's motion for relief from judgment, filed in the trial court on April 13, 2007, was a properly filed application for collateral review. It, therefore, served to toll the limitations period with 228 days remaining. The trial court denied Petitioner's motion for relief from judgment. Petitioner appealed the denial to the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal on August 28, 2008. *People v. McCracken*, No. 284931 (Mich. Ct. App. Aug. 28, 2008). While Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, the filing was rejected as untimely. A post-conviction application is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of

3

appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (*citing Carey v. Saffold*, 536 U.S. 214 (2002)) (emphasis in original). "[U]ntimely state collateral attacks are not properly filed and do not toll the statute of limitations." *Raglin v. Randle*, 10 F. App'x 314, 316 (6th Cir. 2001). Thus, the limitations period resumed running on August 29, 2008, the day after the Michigan Court of Appeals denied leave to appeal and Petitioner no longer had a post-conviction motion pending in state court. The limitations period continued to run until it expired on April 13, 2009. The pending petition was filed on June 22, 2009, over two months late.

Petitioner seeks equitable tolling of the limitations period. The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004,) *citing Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001). "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be

decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Petitioner seeks equitable tolling based upon his ignorance of the law. That Petitioner is untrained in the law and is proceeding without a lawyer does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal.1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner is not entitled to equitable tolling of the statute of limitations based upon his level of education or his inability to secure the services of a jailhouse lawyer. The petition is untimely.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide

5

reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could find its resolution of the equitable tolling issue to be debatable or wrong. Accordingly, the Court will grant a certificate of appealability.

**IV.**

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Accordingly, **IT IS ORDERED** that Respondent's Motion to Dismiss is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **GRANTED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 15, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 15, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary